# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY F. FRASER, <br><br> Defendant. | Case No.: 3:17-cv-01164-CAB-NLS <br><br> **ORDER DISMISSING PETITION** |

On June 8, 2017, Petitioner Gavin B. Davis ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. [Doc. No. 1.] On June 18, 2017, Plaintiff filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition"). [Doc. No. 2.] While somewhat unclear, it appears that Petitioner is alleging that he is wrongfully incarcerated in federal custody in Vermont, as a result of a bench warrant issued by Judge Jeffrey F. Fraser, Judge of the San Diego Superior Court, in a state court criminal proceeding. [Doc. No. 2 at 6, ¶(A)(1).] In the Amended Petition, Petitioner acknowledges that he has posted bond and is now "at liberty," but complains that the bail has been set at an unreasonably high amount. [Doc. No. 2 at 8, ¶7.] On July 12, 2017, Petitioner filed a Supplement to Motion for Writ of Habeas Corpus [Doc. No. 13] wherein he acknowledges that the state court criminal proceeding is ongoing. [Doc. No.

13 at 4, ¶4.] For the reasons set forth below, the Petition is **DISMISSED WITHOUT PREJUDICE.**

DISCUSSION

Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that a district court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless the petitioner can show that special circumstances warrant federal intervention prior to the state criminal trial. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014, 101 S.Ct. 573, 66 L.Ed.2d 473 (1980); *see also Younger v. Harris*, 401 U.S. 37, 44-46 (1971)(under principles of comity and federalism, a federal court should not intervene in a pending state criminal prosecution absent extraordinary circumstances where the danger of irreparable harm is both great and immediate, and cannot be eliminated by defense against the prosecution). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir.1972).

*Younger* abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal constitutional challenges. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir.1992), *cert. denied*, 506 U.S. 1054, 113 S.Ct. 979, 122 L.Ed.2d 133 (1993). In *Carden,* the Ninth Circuit held that "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state

prosecutions appropriate." *Carden*, 626 F.2d at 84 (*citing Perez v. Ledesma*, 401 U.S. 82, 85, 91 S.Ct. 674, 677, 27 L.Ed.2d 701 (1971)).

Here, all three criteria for *Younger* abstention are met with respect to the criminal proceeding still pending against Petitioner in San Diego Superior Court. Moreover, Petitioner has failed to allege the type of special circumstances that warrant federal intervention. First, Petitioner acknowledges that he is no longer in custody. Moreover, Petitioner's challenge to the allegedly excessive bail is a claim that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before Petitioner seeks a federal writ of habeas corpus. *See Sojourner v. Reed*, 2009 WL 762517, *1 (N.D.Ga., March 20, 2009) (invoking abstention doctrine where state habeas petitioner making inter alia an excessive bail claim); *Bembry v. St. Lawrence*, 2006 WL 3085511, * 1-*2 (S.D.Ga., Oct.27, 2006) (dismissing § 2241 habeas petition for failure to exhaust state remedies where petitioner claiming excessive bail); *Merrick v. Ornell*, 1997 WL 12128, * 1(N.D.Cal., Jan.8, 1997) (invoking abstention doctrine where state habeas petitioner claiming that he was being held on excessive bail); *Woodruff v. Plummer*, 1994 WL 412438, *1 (N.D.Cal., Aug.1, 1994) (dismissing § 2241 habeas petition without prejudice to refiling after state remedies exhausted where petitioner claiming excessive bail). Therefore, *Younger* abstention is appropriate.

## CONCLUSION

For the reasons set forth above, the Petition is **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court shall **CLOSE** the case.

Dated: August 22, 2017

Hon. Cathy Ann Bencivengo
United States District Judge

3

3:17-cv-01164-CAB-NLS